# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY J. QUELET,** | **CIVIL ACTION NO. 1:12-CV-01914** |
| Plaintiff, | |
| v. | **(Chief Judge Conner)** |
| **LISA SMITH, CRNP; VERNON H. PRESTON, M.D.; STEPHEN PFISTERER, MPT; HANOVER FAMILY PRACTICE ASSOCIATES, LTD; DEBRA DEANGELO, D.O.; HILLSIDE PAIN MANAGEMENT, PC/ YORK ADAMS PAIN SPECIALISTS, PC; BRENDAN K. BUCKLEY, D.C. t/d/b/a BUCKLEY CHIROPRACTIC CENTER; and HANOVER REHABILITATION CENTER d/b/a YORK STREET REHAB a/k/a HANOVER HOSPITAL** | |
| Defendants. | |

## **MEMORANDUM**

Plaintiff Jeffrey J. Quelet ("Quelet") filed the above-captioned action in the U.S. District Court for the District of Maryland, alleging claims of negligence from medical malpractice. (Doc. 1). On September 24, 2012, District Judge Blake transferred the above-captioned action to the U.S. District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). (Doc. 34). Presently before the court are six motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, filed by the following defendants: (1) Deborah DeAngelo, D.O. and Hillside Pain Management, PC/York Adams Pain Specialist, P.C. (Doc. 100), (2) Brendan K. Buckley, D.C. t/d/b/a Buckley

Chiropractic Center, P.C. (Doc. 102), (3) Hanover Rehabilitation Center d/b/a York Street Rehab a/k/a Hanover Hospital, Inc. (Doc. 104), (4) Vernon Preston, M.D. and Hanover Family Practice Associates, LTD (Doc. 106), (5) Lisa Smith, C.R.N.P. (Doc. 110), and (6) Stephen Pfisterer, MPT (Doc. 112) (collectively, the "Defendants"). For the reasons that follow, the court will grant Defendants' motions to dismiss.

## I.     Factual and Procedural Background

The instant motions to dismiss come before the court pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the court will "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

Plaintiff Jeffrey J. Quelet, currently domiciled in Maryland, was involved in an automobile accident on May 18, 2009 in Westminster, Maryland. (Doc. 99 ¶¶ 2-3, 13). Quelet discussed soreness from the automobile accident with defendant Lisa Smith, C.R.N.P. ("Smith"), who diagnosed Quelet with whiplash and referred him to physical therapy. (Id. ¶¶ 15-16). Smith is a licensed nurse practitioner employed by defendant Hanover Family Practice Associates at all times relevant to the complaint. (Id. ¶ 4). Defendant Vernon H. Preston, M.D., a licensed physician, operates defendant Hanover Family Practice Associates, LTD, which is incorporated in the Commonwealth of Pennsylvania. (Id. ¶¶ 5, 7).

On May 22, 2009, Quelet began physical therapy with defendant Stephen Pfisterer, MPT ("Pfisterer"), who is a physical therapist employed by Hanover Family Practice Associates at all times relevant to the complaint. (Id. ¶¶ 6, 17).

2

After evaluating and discussing Quelet's symptoms, Pfisterer diagnosed Quelet's condition as "elbow pain" and began physical therapy to strengthen his arms. (Id. ¶¶ 17-18). On the same day, Quelet discussed his symptoms with defendant Brendan K. Buckley, D.C. ("Dr. Buckley"), who began a regimen of passive therapy to reduce Quelet's neck, back, and shoulder pain and muscle spasms. (Id. ¶¶ 19-20). Dr. Buckley is a licensed chiropractor doing business as Buckley Chiropractic Center, P.C. under the laws of the Commonwealth of Pennsylvania. (Id. ¶ 8).

During several follow-up appointments, Quelet informed Smith that the pain was worsening and requested an MRI to determine the cause of the pain. (Id. ¶¶ 22-29). In or about July 2009, an MRI was conducted only on Quelet's shoulder and lower back and, after reviewing the results, Smith referred Quelet back to physical therapy with Pfisterer. (Id. ¶¶ 30-31). Over the next few months, Quelet attended physical therapy and chiropractic appointments, but he continued to experience increasing pain. (Id. ¶ 33).

On November 3, 2009, Quelet was referred to defendants Deborah DeAngelo, D.O. ("Dr. DeAngelo") and Hillside Pain Management. (Id. ¶¶ 38-39). Dr. DeAngelo is a licensed physician employed by Hillside Pain Management, PC/York Adams Pain Specialist, P.C., which is incorporated in the Commonwealth of Pennsylvania. (Id. ¶¶ 9-10). Quelet requested an MRI on his neck twice and reported spreading pain as well as numbness and tingling in his extremities. (Id. ¶¶ 40, 42, 44-45). Dr. DeAngelo injected Quelet with three separate cervical epidurals over three months without any progress. (Id. ¶¶ 41-47). Eventually, Dr. DeAngelo ordered an MRI on

3

Quelet's cervical spine and further physical therapy with defendant Hanover Rehabilitation Center. (Id. ¶¶ 50-51). The Hanover Rehabilitation Center began conducting physical therapy sessions with Quelet without reviewing the results of the MRI. (Id. ¶ 52). Hanover Rehabilitation Center d/b/a York Street Rehab, also known as Hanover Hospital, is incorporated in the Commonwealth of Pennsylvania. (Id. ¶ 11).

On February 23, 2010, Dr. DeAngelo reviewed the results of the MRI and referred Quelet for a neurosurgical evaluation. (Id. ¶ 54). On March 4, 2010, Dr. Krzeminski at Wellspan Neurosurgery diagnosed Quelet with a cervical spondylosis with myelopathy, or a crushed spinal cord, which required immediate surgery to prevent paralysis or death. (Id. ¶¶ 55-57). Quelet underwent a successful surgery, but he suffers from continued pain in his neck, back, and arms and deteriorated sensory functions. (Id. ¶¶ 58-59). Quelet is permanently disabled and unable to return to work. (Id. ¶ 62).

On June 25, 2012, Quelet filed a complaint in the U.S. District Court for the District of Maryland, alleging claims of negligence due to medical malpractice. (Doc. 1). After Defendants filed motions to dismiss for lack of personal jurisdiction, Quelet consented to a transfer to the U.S. District Court for the Middle District of Pennsylvania. (Docs. 17, 21, 23, 26, 29). On September 24, 2012, District Judge Blake transferred the instant action to the undersigned pursuant to 28 U.S.C. § 1406(a). (Doc. 34). On May 31, 2013, the court dismissed Quelet's complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 91).

On August 5, 2013, Quelet filed an amended complaint (Doc. 99), which Defendants presently seek to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Docs. 100, 102, 104, 106, 110, 112). Defendants allege that the applicable statute of limitations bars Quelet's negligence claims. (See Docs. 101, 103, 105, 107, 111, 113).[1] The motions are fully briefed and ripe for disposition.

## II.     Jurisdiction and Legal Standard

The court has jurisdiction over the instant matter because the parties are completely diverse of citizenship and the amount in controversy as to all claims exceeds $75,000. (Doc. 99 ¶ 1); see 28 U.S.C. § 1332(a).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). In

---

[1] Defendants Dr. Buckley and Hanover Rehabilitation Center further assert that Quelet fails to set forth sufficient factual allegations for a claim upon which relief may be granted. (Docs. 103, 105). However, should the court conclude that the claims are barred under the applicable statute of limitations, the court need not address the factual sufficiency of Quelet's amended complaint.

5

addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

6

Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim as an affirmative defense that must be pled in an answer to the complaint. See FED. R. CIV. P. 8(c). Nevertheless, the court may dismiss a complaint as time-barred if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1974)); see also Oshiver, 38 F.3d at 1384 n.1 ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

### III.    Discussion

The primary issue before the court is whether the applicable statute of limitations bars the instant action. In order to resolve this issue, the court must first determine whether the Maryland or Pennsylvania statute of limitations for negligence claims applies upon a transfer pursuant to 28 U.S.C. § 1406(a). Next, the court must assess when the applicable statute of limitations began to run on Quelet's negligence claims. Finally, the court must decide whether equitable tolling is appropriate in this case to extend the applicable statute of limitations. The court will address each question *seriatim*.

### A. Applicable Statute of Limitations

It is well-established that the court applies state substantive law when federal jurisdiction is based on diversity of citizenship. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 474 (3d Cir. 2001). A statute of limitations is considered state substantive law within the ambit of Erie. Guar. Trust Co. of N.Y. v. York, 326 U.S. 99 (1945); Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 552 (3d Cir. 1985) (stating that "statutes of limitations are considered substantive" law). However, the question before the court is whether Maryland or Pennsylvania law supplies the statute of limitations for Quelet's negligence claims due to the transfer of the case pursuant to 28 U.S.C. § 1406(a).

Under Section 1406(a), when a plaintiff files suit in an improper forum, the court is required either to dismiss the case or transfer the case in the interest of justice to a proper forum. See 28 U.S.C. § 1406(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962) (emphasizing the court's capacity to transfer, rather than dismiss, a case brought in an improper forum regardless of whether the transferor court has personal jurisdiction). The purpose of Section 1406(a)'s transfer provision is to preserve claims when the rigid application of dismissal rules may bar the claim. See Lafferty v. St. Riel, 495 F.3d 72, 79 (3d Cir. 2007); see also Goldlawr, 369 U.S. at 466. The Supreme Court explained that the timely filing of a claim, even in an improper forum, demonstrates the plaintiff's diligence in pursuing the claim and tolls the statute of limitations. See Lafferty, 495 F.3d at 79 (citing Goldlawr, 369

8

U.S. at 466-67). Therefore, for statute of limitations purposes, the date of filing in the transferee forum upon a Section 1406(a) transfer relates back to the initial filing date in the transferor forum.² Id. at 82-83 (permitting a timely claim in the transferor forum that would have been barred by the statute of limitations in the transferee forum).

The Third Circuit has not directly resolved whether the transferor forum or the transferee forum's statute of limitations applies to Section 1406(a) cases. The majority of courts apply the substantive law of the transferee forum, including the statute of limitations, when a case is transferred pursuant to Section 1406(a). See id. at 77 (stating that "transferee courts generally apply the substantive law they would have applied had the action been brought there initially") (dictum); McGarrey, 2010 WL 235115, at *4; Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan, 439 F. Supp. 2d 337, 339-40 (D. Del. 2006); Broome, 448 F. Supp. at 123-24. The Supreme Court has also suggested in dicta that, unlike Section 1404

---

² In Lafferty, the Third Circuit expressly declined to consider the present situation when the transferee forum's statute of limitations expired before the initial filing in the transferor forum. Lafferty, 495 F.3d at 76 n.6. However, most circuits have adopted the rule that, in the interest of justice, the transferee forum's statute of limitations applies even when the limitations period of the transferee forum is shorter than the period in the transferor forum. See McGarrey v. Marquart, No. 2:07-CV-1556, 2010 WL 235115, at *4-5 (W.D. Pa. Jan. 12, 2010) (citing Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 588 (8th Cir. 2007) (collecting cases)); see also Broome v. Antlers' Hunting Club, 448 F. Supp. 121, 123 (M.D. Pa. 1978) (barring wrongful death claim transferred under Section 1406(a) because plaintiff filed the complaint in the transferor forum one day after the transferee forum's one-year statute of limitation expired).

9

transfer cases, the laws of the transferee forum would likely apply to Section 1406(a) transfer cases. See Van Dusen v. Barrack, 376 U.S. 612, 634 (1964) (noting that, in contrast to Section 1406(a) transfers for improper venue, a plaintiff is entitled to the benefits of the law of the transferor forum when the case is transferred from a proper forum by reason of inconvenience under Section 1404).

Ostensibly, the parties agree that Pennsylvania law governs this dispute. (Doc. 101 at 6; Doc. 103 at 4-5; Doc. 105 at 6-8; Doc. 107 at 5-6; Doc. 111 at 5-6; Doc. 113 at 5-6; Doc. 115 at 8). As previously noted, the U.S. District Court for the District of Maryland transferred the instant action to the undersigned in the U.S. District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). (Doc. 34). Given the underlying facts of the instant matter and the weight of authority noted above, the court will apply the statute of limitations for negligence claims under Pennsylvania law.

### B. Accrual of Quelet's Claims

The court must next address when the statute of limitations began to run. In Pennsylvania, the statute of limitations for a negligence claim is two years. See 42 PA. CONS. STAT. § 5524(2). The limitations period begins to run when the cause of action accrues, which is typically when the injury occurs. Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). An exception to this rule is the equitable discovery rule which will be applied when the plaintiff is unable, despite the exercise of due diligence, to know of the injury or its cause. Id.

10

In his complaint, Quelet avers that Defendants committed medical malpractice in 2009 and 2010. (Doc. 99 ¶¶ 13-62). He alleges that he discovered his injuries on March 4, 2010 when a neurosurgical evaluation revealed that he had a crushed spinal cord and needed immediate surgery to prevent paralysis or death. (Id. ¶¶ 55-58). Thus, Quelet's cause of action accrued and the two-year statute of limitations began to run on March 4, 2010, but Quelet did not file his complaint in the U.S. District Court for the District of Maryland until June 25, 2012, over two months after the expiration of the limitations period.[3] (Doc. 1).

Quelet alleges, however, that the relevant filing date for his complaint is February 23, 2012, when he filed a complaint with Maryland's Health Care Alternative Dispute Resolution Office ("HCADRO").[4] (Doc. 115 at 8). Defendants counter that Maryland's Health Care Malpractice Claims Act, MD. CODE ANN., CTS. & JUD. PROC. §§ 3-2A-01-10 ("HCMCA" or the "Act"), is inapplicable to this case

---

[3] In Maryland, the statute of limitations for negligence claims arising from medical malpractice is the earlier of five years of the time the injury was committed or three years of the date the injury was discovered. MD. CODE ANN., CTS. & JUD. PROC. § 5-109(a). The court notes that Quelet timely filed his complaint in the transferor forum.

[4] Pursuant to Maryland law, the filing of a claim with the HCADRO "shall be deemed the filing of an action." MD. CODE ANN., CTS. & JUD. PROC. § 5-109(d); Swam v. Upper Chesapeake Med. Ctr., Inc., 919 A.2d 33, 36 (Md. 2007).

11

because Defendants are not "health care providers" under the Act.[5]  (Doc. 116 at 3-4; Doc. 118 at 6; Doc. 120 at 5-6; Doc. 121 at 3-4; Doc. 123 at 4-5; Doc. 124 at 3-4).  The court agrees.

A plaintiff alleging medical malpractice must file a claim with the HCADRO as a condition precedent to bringing a negligence lawsuit in Maryland.  See MD. CODE ANN., CTS. & JUD. PROC. § 3–2A–02(a)(2) (stating that a malpractice claim "may not be brought or pursued in any court of [Maryland] except in accordance with this [Act]"); Jones v. Bagalkotakar, 750 F. Supp. 2d 574, 577 (D. Md. 2010) (finding that compliance with the HCMCA, where applicable, is a prerequisite to bringing a medical malpractice action based upon diversity jurisdiction in federal court).  Under the HCMCA, "[a] person having a claim against a health care provider for damage due to a medical injury shall file his claim with the Director [of the HCADRO]."  MD. CODE ANN., CTS. & JUD. PROC. § 3–2A–04(a)(1).  The Act defines "health care provider" to mean "[a] hospital, . . . a physician, an osteopath, an optometrist, a chiropractor, a registered or licensed practical nurse, a dentist, a podiatrist, a psychologist, a licensed certified social worker-clinical, and a physical

---

[5] Defendants further assert that Maryland's administrative remedy for medical malpractice should not determine the running of the statute of limitations under Pennsylvania law, (Doc. 116 at 2; Doc. 118 at 2-5; Doc. 123 at 6-10), and that the HCADRO does not have subject-matter jurisdiction over the claims and therefore its transfer of the claims to the appropriate federal court is null and void. (Doc. 116 at 4 n.2; Doc. 118 at 7; Doc. 120 at 4-5; Doc. 121 at 2-3; Doc. 123 at 5-6; Doc. 124 at 2-3).  In light of the court's conclusion that the HCMCA is inapplicable to this case, the court need not address these additional arguments.

therapist, *licensed or authorized to provide on or more health care services in Maryland.*" Id. § 3–2A–01(e) (emphasis added).

However, Quelet does not allege that Defendants are licensed or authorized to practice in Maryland to qualify as "health care providers." Instead, the complaint specifically states that most of the Defendants are licensed or corporate entities conducting business in Pennsylvania. (Doc. 99 ¶¶ 4-11). Thus, by its terms, the Act is not applicable to claims against Defendants. See Rosenberg v. Inst. of the Pa. Hosp., 535 A.2d 961, 962 (Md. Ct. Spec. App. 1988) (holding that the HCMCA did not apply to defendant who was not a licensed health care provider in Maryland); Swam, 919 A.2d at 39 (finding that plaintiff filed her claim in the wrong forum and should have proceeded directly to state court because plaintiff did not suffer a "medical injury" within the scope of the HCMCA). The court holds that the relevant date for assessing compliance with the statute of limitations is June 25, 2012, or the date Quelet filed his complaint in the U.S. District Court for the District of Maryland. On the face of the complaint, Quelet failed to file his negligence claims within two years of discovering his injuries on March 4, 2010. Therefore, absent equitable tolling, the statute of limitations bars Quelet's claims.

### C. Tolling of the Statute of Limitations

The final consideration in the court's analysis is whether the doctrine of equitable tolling under Pennsylvania law extends the applicable statute of limitations. See Vernau v. Vic's Market, Inc., 896 F.2d 43, 45 (3d Cir. 1990) ("[S]tate tolling principles are generally to be used by a federal court when it is applying a

state limitations period.") (citing Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 463-64 (1975)).  As a threshold matter, the court is mindful of Pennsylvania's policy favoring the strict application of statutes of limitation.  See Booher v. Olczak, 797 A.2d 342, 345 (Pa. Super. Ct. 2002).  Under Pennsylvania law, the court may extend statutes of limitation only to "relieve fraud or its equivalent."  42 PA. CONS. STAT. § 5504(b); see Aivazoglou v. Drever Furnaces, 613 A.2d 595, 598 (Pa. Super. Ct. 1992) (noting "absent fraud or its equivalent, judicial extensions of time are expressly prohibited by Section 5504 of the Judicial Code").

The complaint is completely devoid of any allegation that Quelet was unable to assert his claims due to fraud or concealment.  At most, Quelet was mistaken about the applicability of the HCMCA to his medical malpractice claims.  However, "lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations."  Pocono Int'l Raceway, 468 A.2d at 471; see Schaffer v. Larzelere, 189 A.2d 267, 269 (Pa. 1963).  Accordingly, the court concludes that the doctrine of equitable tolling does not extend the limitations period, and Quelet's negligence claims remain barred under Pennsylvania's two-year statute of limitations.

**IV. <u>Conclusion</u>**

For the reasons discussed above, the court will grant Defendants' motions to dismiss (Docs. 100, 102, 104, 106, 110, 112) pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:       January 16, 2014